IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK COHEN, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PRIOR PRATT, et al., | : | No. 09-604 |
|     Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                                                                   **April 11, 2011**

      Mark Cohen sued Philadelphia Police Officers Prior Pratt, Anthony Waters, and Stanley Sanford for civil rights violations stemming from his arrest for drug possession on April 6, 2007. His conviction was subsequently overturned. Defendants seek to dismiss his federal and state false arrest and imprisonment claims, and his assault and battery claim, because the statute of limitations has run. Cohen maintains that the statute of limitations should be equitably tolled because he was prevented from timely pressing these claims based on the controlling law at the time of his arrest and conviction. Cohen raises an interesting legal question of whether refusing to toll the statute of limitations punishes Plaintiff for not anticipating a change in the law.[1] Nonetheless, the Court concludes that equitable tolling is not warranted under the circumstances and will therefore grant Defendants' motion for judgment on the pleadings.

## I.     BACKGROUND

      On April 6, 2006 Cohen was playing basketball at a park near the intersection of North 52nd

---

[1] This Court appointed counsel to represent Cohen in this litigation and thanks his attorneys for volunteering to represent him.

Street and Warminster Avenue. (Am. Compl. ¶¶ 7, 10.) At the direction of Officer Pratt, Philadelphia Police Officer Anthony Waters approached Cohen, pointed a gun at him, handcuffed him, and placed his knee in Cohen's back. (*Id*. ¶¶ 11-12.) Officer Waters searched Cohen and confiscated Cohen's money but did not find any drugs or drug paraphernalia. (*Id*. ¶¶ 13-14.) Officer Waters and Officer Sanford also searched a bushy area nearby but uncovered no contraband. (*Id*. ¶ 15.) Cohen was handcuffed and transported to the police station where he was detained overnight. (*Id*. ¶¶ 16-17.) Defendants lacked probable cause to arrest or search Cohen. (*Id*. ¶¶ 12-13, 18.)

The Amended Complaint references Officer Pratt's police report related to the incident in question. Officer Pratt stated that on four occasions in a half-hour time span, he saw an individual approach Cohen and give him money. (*Id*. ¶ 8.) Cohen then went to a bushy area and picked up a plastic baggie from which he retrieved unknown objects and put the baggie back down in the bushy area. (*Id*.) Next, Cohen returned to the individual who had given him the money and gave that individual the unknown objects. (*Id*.)

Based on Officer Pratt's false report, Cohen was charged with knowing and intentional possession of a controlled substance and possession of a controlled substance with intent to deliver. (*Id*. ¶¶ 9, 18.) Cohen was detained for days but was eventually released on bail. (*Id*. ¶ 19.) During his bench trial, Officer Pratt told the same false story that he provided in his police report. (*Id*. ¶ 20.) As a result, on August 14, 2006, Cohen was convicted of the possession charge and sentenced to eleven and a half to twenty-three months in jail. (*Id*. ¶ 21.) On September 14, 2007, the Superior Court vacated his conviction because there was insufficient evidence to support it. (*Id*. ¶¶ 22-23.)

On February 2, 2009, Cohen filed an application to proceed *in forma pauperis*. On March 16, 2009 Cohen filed this lawsuit. This Court appointed counsel for Cohen and an Amended

Complaint was filed on January 16, 2011. The Amended Complaint includes federal claims for illegal search, seizure, and arrest; and malicious prosecution; as well as Pennsylvania state law claims for false arrest, false imprisonment, malicious prosecution, and assault and battery.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits motions for judgment on the pleadings after pleadings are closed, "but early enough not to delay trial." Judgment on the pleadings is appropriate where the movant shows "that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (internal quotation marks and citation omitted). Undertaking this analysis, courts view the facts in the pleadings and inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). When deciding a motion for judgment on the pleadings, "a court generally should consider only the allegations in the complaint, as well as 'documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Fisher v. Rite Aid Corp.*, Civ. A. No. 10-1865, 2011 WL 539049, at *1 (M.D. Pa. Feb. 16, 2011) (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

## III. DISCUSSION

Defendants have moved for a judgment on the pleadings to dismiss Cohen's federal and state illegal search, seizure and arrest claims as well as the assault and battery and false imprisonment

claims. They contend that all of these claims are barred by the statute of limitations.

Federal courts look to the state's personal injury law to determine the appropriate statute of limitations in § 1983 cases. *Wallace v. Keto*, 549 U.S. 384, 387 (2007). The parties agree that Pennsylvania's two-year statute of limitations governs Cohen's federal and state claims. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years.") (citing 42 Pa. Cons. Stat. § 5524(2)). The accrual date of a § 1983 cause of action is a question of federal law. *Wallace*, 549 U.S. at 388.

Defendants contend that the statute of limitations runs from the time Cohen knew or should have known the cause of his injury. (Defs.' Mem. of Law in Supp. of Mot. for J. on the Pleadings at 7.) Furthermore, the fact that Cohen later obtained a favorable result in his criminal case does not affect the date of accrual for his false arrest, false imprisonment, and assault and battery claims. (*Id*. at 7-9.) Because the incident underlying these claims occurred on April 6, 2006, Plaintiff's application to proceed *in forma pauperis*, filed on February 9, 2009, was filed outside the statute of limitations. (*Id*. at 8-9.) Therefore, those claims that do not require Cohen to prove that his criminal conviction was overturned must be dismissed as time-barred.

Cohen counters that the claims stemming from his April 6, 2006 arrest and detention are not time-barred because success on those claims would necessarily have called into question the validity of his conviction contrary to the Supreme Court's decision in *Heck v. Humphrey*. (Pl.'s Resp. to Defs.' Mot. for J. on the Pleadings [Pl.'s Resp.] at 1, 6.) Pennsylvania law also barred his claims prior to the overturning of his conviction. (*Id*. at 9-10.) Therefore, barring his claims now would penalize Cohen for failing to file a lawsuit at a time when he was not permitted to file such a lawsuit. (*Id*. at 1-2.)

Plaintiff filed his false arrest, false imprisonment, and assault and battery claims outside the two-year statute of limitations. Under federal law, the statute of limitations commences when the plaintiff knows or has reason to know of the injury which is the basis of his § 1983 claim. *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). A § 1983 false arrest or false imprisonment claim accrues at the time of arrest and detention. *See id*. The matter becomes complicated, however, when a plaintiff's § 1983 claim potentially calls into question the validity of his conviction or sentence. That is because the Supreme Court has held that when a state prisoner seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Court examined the case of a plaintiff who was serving a sentence on an outstanding conviction. Relying on and in response to *Heck*, the Third Circuit held that *Heck* extended to claims that would necessarily imply the invalidity of a conviction on pending criminal charges. *Smith v. Holtz*, 87 F.3d 108, 112-13 (3d Cir. 1996). The court found no analytical difference between an outstanding criminal conviction and a potential conviction on a pending charge. *Id*. at 113. Therefore, a "claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983." *Id*. When looking at the issue of accrual, "[i]t necessarily follows that so long as success on such a claim would necessarily imply the invalidity of a conviction in the pending criminal prosecution, such a claim does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist." *Id*.

Given this legal history, Cohen's argument has force. Although he was not required to

demonstrate that his conviction was overturned to make out a claim under § 1983 for false arrest, *Rose v. Bartle*, 871 F.2d 331, 351 (3d Cir. 1989), case law provided that his false arrest or imprisonment claim would not accrue so long as his conviction was outstanding. The landscape, however, changed with the Supreme Court's decision in *Wallace v. Kato*, 549 U.S. 384, 391 (2007). In *Wallace*, the Supreme Court held that "the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial." *Id*. at 391. The Supreme Court rejected the argument that a § 1983 false arrest claim could not accrue until the state had dropped the charges against the defendant. *Id*. at 392-93. The Court concluded that *Heck* did not support the principle that an "action which would impugn an *anticipated future conviction* cannot be brought until that conviction occurs and is set aside." *Id*. at 393. Such a principle was impractical because "it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict." *Id*. Additionally, the Court declined to toll the statute of limitations from the time of the conviction until the time the conviction was overturned. *Id*. at 394-95.[2]

Given the outcome in *Wallace*, the statute of limitations on Cohen's claim started to run on April 7, 2006, the date on which he was charged with drug crimes. He could have filed a complaint arguing that he was falsely arrested and imprisoned at that time. However, once he was found guilty of drug possession, on August 16, 2006, he could not sustain a § 1983 claim for false arrest or imprisonment if that claim would impugn the validity of his conviction. When his conviction was

---

[2] "The new rules announced in *Wallace* apply retroactively . . . because the Supreme Court applied these rules to the parties in *Wallace*." *McAnally v. Clark Cnty., Nev.*, 320 F. App'x 527, 528 (9th Cir. 2009); *see also Mallard v. Potenza*, 376 F. App'x 132, 133 (2d Cir. 2010).

6

overturned, the impediment to success on his claim presented by the ruling in *Heck* was removed and he could have brought a § 1983 false arrest or imprisonment claim. The date that Cohen's conviction was overturned, September 14, 2007, is the date that Cohen urges this Court to apply for the accrual of his false arrest, imprisonment, and assault and battery claims. *Wallace* rejected that argument.

Plaintiff argues that equitable tolling is warranted from the beginning of the limitations period until his conviction was vacated. (Pl.'s Resp. at 5.) There are three principal, but not exclusive situations, in which equitable tolling may apply: (1) if the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) if the plaintiff in some extraordinary way has been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Plaintiff does not argue that the first or third reasons apply here and the Court concludes that the second situation is inapplicable.

Having set out the timeline relevant to Plaintiff's claim, the Court concludes that equitable tolling is not warranted. Plaintiff asserts "there was no point in time that Mr. Cohen could have filed his Fourth Amendment false arrest claim until the Superior Court vacated his conviction." (*Id.* at 7.) The Court disagrees, although given the holding in *Holtz*, he would have been unlikely to have defeated a motion to dismiss had he sued between April of 2006 and the time of his conviction. Once *Wallace* was decided, it became clear that Cohen's claim accrued on April 7, 2006 and that it was not tolled pending the outcome of the appeal of his conviction. Inexplicably, Cohen did not even file for *in forma pauperis* status until February 9, 2009, just over two years after *Wallace* was decided. This delay weighs against equitably tolling the statute of limitations. *See Garza v. Burnett*,

7

Civ. A. No. 06-134, 2010 WL 1212084, at *5 (D. Utah Mar. 23, 2010) ("[N]one of the cases granting equitable tolling . . . involved such an extreme delay as that found here. Court records show that Plaintiff waited over nineteen months from the time his conviction was overturned before filing the present suit. Plaintiff does not offer any explanation for this delay.") Under certain circumstances, a § 1983 case could have been filed and the court could have stayed the litigation pending the ultimate outcome of the criminal proceedings. *See Hayhurst v. Upper Makefield Twp.*, Civ. A. No. 06-3114, 2007 WL 1795682, at *8-9 (E.D. Pa. June 20, 2007) (staying false arrest claim under *Heck* until resolution of criminal appeal); *see also Wallace*, 549 U.S. at 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice to stay the civil action until the criminal case or the likelihood of a criminal case is ended."). But Plaintiff's argument sets up the untenable situation in which a person who believes he was falsely arrested would be permitted to wait and file such a lawsuit because he *may* be prosecuted, *may* be convicted and *may* subsequently have his conviction overturned. This open-ended uncertainty surrounding false arrest and imprisonment claims would render the statute of limitations a nullity and make success on the underlying charges an element of the § 1983 action.

The Supreme Court recognized that its ruling in *Wallace* had the potential to produce an unfair result given its decision in *Heck*: "Had petitioner filed suit upon his arrest and had his suit then been dismissed under *Heck*, the statute of limitations, absent tolling, would have run by the time he obtained reversal of his conviction." *Wallace*, 549 U.S. at 395 n.4. That would grant immunity to § 1983 liability, "a result surely not intended." *Id*. Because Wallace did not file within the limitations period, however, the *Wallace* Court did not need to address what amount of time he

would have been permitted to re-file his case. *Id*. Similarly, Cohen never filed a lawsuit until well outside of the statute of limitations. This is not a situation in which Cohen's claim instantaneously became untimely after *Wallace*. *Cf. Wharton v. Cnty. of Nassau*, Civ. A. No. 07-2137, 2010 WL 3749077, at *4-5 (E.D.N.Y. Sept. 20, 2010). Under *Wallace*, the statute of limitations ran on April 7, 2008. Thus, Cohen still had over a year after *Wallace* to file this lawsuit. Although the case may have been stayed until his conviction was overturned in September of 2007, a court would have known of his intentions to assert his § 1983 false arrest claims. Or, Cohen could have filed his action after his conviction was lifted; he still had almost seven months before the statute of limitations expired. But, inexplicably, he took no action to vindicate his rights. He did nothing until February 9, 2009, almost three years after the claim accrued, over two years after *Wallace* had been decided, and over sixteen months after his conviction had been overturned.

## IV.     CONCLUSION

The statute of limitations on Plaintiff's false arrest, false imprisonment, and assault and battery claims has passed and equitable tolling is not warranted. The Court grants Defendants' motion for judgment on the pleadings. An Order consistent with this Memorandum will be docketed separately.