# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK COHEN,  :
    Plaintiff,  :   CIVIL ACTION
      :
v.  :
      :
PRIOR PRATT, et al.,  :   No. 09-604
    Defendants.  :

## MEMORANDUM

Schiller, J.                                                                              October 25, 2011

On April 6, 2006, Mark Cohen spent the day playing basketball at a local park. While there, he was being watched by Officer Prior Pratt, who purportedly saw Cohen conducting drug transactions. Officers Anthony Waters and Stanley Sanford, working with Officer Pratt, arrested Cohen for possessing drugs. Cohen was convicted for drug possession, but his conviction was subsequently overturned. Cohen sued the officers who arrested him for federal and state law malicious prosecution. Now before the Court is Defendants' motion for summary judgment. For the reasons below, the motion is granted in part and denied in part.

## I.   BACKGROUND[1]

On April 6, 2006, Cohen was at a park near 52nd Street and Westminster Avenue in Philadelphia, Pennsylvania. He played basketball at the park for a few hours and then walked to an area of the park with benches. Cohen talked to a few people by the benches before leaving to pick up food. By approximately 6:00 p.m., Cohen had finished eating and returned to the courts to play

---

[1] Defendants failed to comply with this Court's Scheduling Order directing that a summary judgment movant file a statement of undisputed facts. Therefore, the Court will accept Plaintiff's Statement of Facts Precluding Summary Judgment as true for purposes of Defendants' motion. The Court pulled the facts outlined in this Memorandum from that document.

basketball. Officers Waters and Sanford approached Cohen on the basketball court. Officer Waters drew his weapon, pointed it at Cohen, ordered Cohen on the ground, put his knee on Cohen's back, and pulled Cohen to his feet with the handcuffs that had been placed on him. Officer Waters searched Cohen and took $229 from his right pants pocket. No drugs or drug paraphernalia was found during the search of Cohen.

Apparently, the park where Cohen was playing basketball was under surveillance by members of the 19th District of the Philadelphia Police Department's Narcotics Enforcement Teams ("NETS"), including Officers Pratt, Waters, and Sanford. NETS investigated street-level drug dealing, with team members working together to conduct surveillance and arrest suspected dealers. Officers of NETS monitored and coordinated their activities over a common radio band. The success of NETS was measured by the number of arrests made by members of the team.

On the day of Cohen's arrest, Officer Pratt was conducting surveillance from a car parked at the corner of Creighton Street, just north of the parking lot associated with the park. At Cohen's trial, Officer Pratt testified that he was about fifty feet from an area of the park with benches and that his view was unobstructed. He used binoculars to monitor activity in the park. According to Officer Pratt, on four occasions between 5:30 p.m. until shortly before 6:00 p.m., he saw four individuals approach Cohen and hand him money. Officer Pratt then witnessed Cohen walk to a bushy area, reach down, and remove an unidentified object from a clear plastic sandwich bag. Cohen then returned to the individual who gave him the money and gave that individual one or more unidentified objects. After he was arrested, Officers Waters and Sanford searched the area where Officer Pratt observed the alleged drug activity but found nothing incriminating. Numerous other officers also searched the area but found nothing incriminating.

Cohen was transported to the police station, where he was searched again. He was then put in a cell for a short time, and he was then taken to a room where Officers Waters and Sanford strip searched him.

Based on the arrest report, Cohen was charged with knowing and intentional possession of a controlled substance and possession of a controlled substance with intent to deliver. Officers Waters, Sanford, and Pratt testified at Cohen's bench trial. Officer Waters stated that he found $229 in multiple pockets in Cohen's pants, though Cohen contends that his money was only in his right front pocket. Officer Waters also claims that when Cohen was arrested he was wearing a white and red baseball cap, a blue jacket, and blue jeans. The prison intake form, however, states that Cohen had a black hat, a multicolor jacket, blue jeans, a gray T-shirt, and a black belt.

On August 14, 2006, Cohen was convicted of the possession charge but acquitted of possession with intent to deliver. He was sentenced to 11.5 to 23 months in jail. On September 14, 2007, the Pennsylvania Superior Court vacated Cohen's conviction because the evidence submitted at trial did not support a conviction for possession. Specifically, the Superior Court focused on the lack of controlled substance found on Cohen, the fact that Officer Pratt could not see what Cohen pulled out of the baggie, and the fact that no drug paraphernalia was found at the scene of the arrest.

Cohen contends that, though he was in the park in question on April 6, 2006, he did not possess or sell drugs in the park that day. (Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J. Ex. H [Cohen Decl.] ¶¶ 2-3.) Furthermore, he "did not exchange any items with anyone for currency or anything resembling currency, with the possible exception of a water bottle [he] may have picked up for someone from the store." (*Id*. ¶ 5.) Cohen claims that he did not "retrieve anything from a clear plastic baggie or anything resembling a clear plastic baggie" and he "did not retrieve anything

3

from a bushy or grassy area." (*Id*. ¶¶ 6-7.)

Cohen also submitted the report from a former FBI investigator who reviewed a map of the area and went to the area where Officer Pratt conducted surveillance. The investigator concluded that Officer Pratt would not have been able to see money being exchanged or a sandwich baggie being removed from the bushes given Officer Pratt's location and the binoculars he likely used.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When the movant does not bear the burden of persuasion at trial, it may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Thereafter, the nonmoving party demonstrates a genuine issue of material fact if it provides evidence sufficient to allow a reasonable finder of fact to find in its favor at trial. *Anderson*, 477 U.S. at 248. In reviewing the record, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

## III. DISCUSSION

### A. The Case Against Officer Pratt

Defendants contend that Plaintiff's federal malicious prosecution claim must be dismissed because Plaintiff's conviction, though overturned, conclusively establishes probable cause. The elements of a malicious prosecution claim under 42 U.S.C. § 1983 are: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) plaintiff suffered a deprivation of liberty consistent with the concept of seizure. *See Bush v. City of Phila.*, 367 F. Supp. 2d 722, 726-27 & n.6 (E.D. Pa. 2005).

Defendants are wrong on the law. A conviction is "highly compelling evidence" of probable cause, but it is not legally dispositive. *Ashford v. Bartz*, Civ. A. No. 04-643, 2006 WL 208802, at *2 & n.2 (M.D. Pa. Jan. 26, 2006); *see also Chizmar v. Borough of Trafford*, Civ. A. No. 09-188, 2011 WL 1200100, at *26 (E.D. Pa. Mar. 29, 2011) (noting that in the Third Circuit, overturned state court convictions do not conclusively establish probable cause or necessarily negate any possibility that a plaintiff could establish a § 1983 claim) (citing *Montgomery v. DiSimone*, 159 F.3d 120, 122 (3d Cir. 1998)). Having determined that Cohen's conviction does not legally foreclose his federal malicious prosecution claim, the Court is left with a credibility determination about the events of April 6, 2006, which a jury must decide.

With respect to Cohen's state law malicious prosecution claim, Pennsylvania law deems probable cause conclusively established upon conviction, even if that conviction is overturned. *Ehly v. City of Phila.*, Civ. A. No. 03-3634, 2004 WL 2583818, at *3 (E.D. Pa. Nov. 9, 2004); *Cosmas v. Bloomingdale Bros., Inc.*, 660 A.2d 83, 86 (Pa. Super. Ct. 1995). However, if the conviction was

obtained through fraud, a conviction does not establish probable cause. *See McGriff v. Vidovich*, 699 A.2d 797, 799-800 (Pa. Commw. Ct. 1997). Because Cohen disputes Defendants' account of the events, no evidence of a drug transaction was uncovered, and Cohen submitted evidence from an independent private investigator calling Officer Pratt's version of the events into question, Cohen has raised a genuine issue of material fact as to whether his conviction was procured by fraud and thus precludes summary judgment on the state law malicious prosecution claim against Officer Pratt.

### B. The Case Against Officer Waters and Sanford

Although the facts viewed in a light most favorable to Cohen establish that Officers Waters and Sanders participated in the arrest of Cohen and that Officer Waters falsely testified against Cohen at trial, the record provides no basis for a finding that either Officer Waters or Sanford initiated criminal proceedings against Cohen. A police officer initiates criminal proceedings, and thus can be liable for malicious prosecution, if he knowingly provides false information to the prosecutor or somehow interferes with the prosecutor's informed discretion. *See Brockington v. City of Phila.*, 354 F. Supp. 2d 563, 569 (E.D. Pa. 2005); *Cruz ex rel. Alvarez v. City of Phila.*, Civ. A. No. 07-493, 2008 WL 4347529, at *11 (E.D. Pa. Sept. 23, 2008). Cohen cannot point to anything in the record that suggests it was Officer Waters or Officer Sanford who provided false information to the District Attorney that led to charges being filed against Cohen. Furthermore, allowing Cohen to proceed against Officer Waters on a malicious prosecution claim if Officer Waters had testified falsely at Cohen's trial would run afoul of the Supreme Court's ruling that § 1983 does not allow a convicted person to sue a police officer for damages for giving perjured testimony at trial. *See Briscoe v. LaHue*, 460 U.S. 325 (1983). Even accepting that Officers Sanford and Waters participated in an illegal arrest, the only claims that remain against them are for malicious

prosecution, and the record contains no evidence from which a jury could conclude that Cohen can make out all of the elements of that claim. Therefore, summary judgment is granted in favor of Officer Sanford and Officer Waters, and they are dismissed from this action.

IV.     **CONCLUSION**

The Court will deny summary judgment to Officer Pratt because Plaintiff has demonstrated a genuine dispute of material facts regarding the events of April 6, 2006. However, even viewing the facts as Cohen has presented them, his claims against Officers Sanford and Waters fail as a matter of law. An Order consistent with this Memorandum will be docketed separately.